## S08Y0037. IN THE MATTER OF WILLIAM ALEXANDER BYARS.
### (652 SE2d 567)

PER CURIAM.

These matters are before the Court on three Reports and Recommendations of the Special Master, Charles D. Mecklin, Jr., in which he recommends that Byars be disbarred for his violations of Rules 1.4, 1.15 (I), 1.15 (II), 1.15 (III), and 8.4 (a) (4) of Bar Rule 4-102 (d). Byars failed to answer the Formal Complaints filed against him and therefore, he is in default and the following facts alleged and violations charged are deemed admitted. See Bar Rule 4-212.

### SDB Docket No. 5229

In this case, the State Bar was notified by SunTrust Bank that a check was presented against insufficient funds on Byars' attorney escrow account. Byars' banking records for September through November 2005 show repeated mishandling of trust account funds, including counter withdrawals and numerous checks written to Byars without any designation of client-related purpose. Byars also made several thousand dollars of counter withdrawals from his trust account during March and April 2006. Byars designated his trust account as "Alex Byars Attorney at Law IOLTA Account" and his operating account as "Practice Account." By virtue of his conduct in this case Byars violated Rules 1.15 (I), (II) and (III), and 8.4 (a) (4).

### SDB Docket No. 5230

The facts as deemed admitted in this matter show that Byars was the executor of his mother's estate and he wrote a check on the estate's checking account to a client of his law practice, for $8,815.45, designated as "settlement proceeds." Byars owed the client the money because he converted her settlement funds to his own use. Byars misused the estate funds and breached his fiduciary duty to the other heirs of the estate, thus violating Rules 1.15 (I) and (II), and 8.4 (a) (4).

*SDB Docket No. 5231*

As noted above, Byars settled a claim for a client but failed to notify her of the settlement. The client made several attempts to contact Byars, but he did not return her telephone calls or otherwise communicate with her. She learned of the settlement only after contacting the opposing attorney. Byars deposited the settlement check into his trust account without the client's endorsement and then converted the funds for his own use. He subsequently gave the client a check for the settlement amount. As set forth above, that check was drawn on an account for the estate of Byars' mother for which he was the executor. In this case, Byars violated Rules 1.4, 1.15 (I) and (II), and 8.4 (a) (4).

We find the same aggravating factors present in each of these matters: dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of his conduct and indifference to restitution. Based on the nature of the violations and the aggravating factors involved, we find disbarment to be the appropriate sanction. Accordingly, the name of William Alexander Byars hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 29, 2007.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.

